UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBARA KITCHEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 10-01131 |
| | § | |
| STANDARD GUARANTY INSURANCE | § | |
| COMPANY and STEPHEN ROBERTS, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Motion to Remand (Doc. No. 7) of Plaintiff Barbara Kitchen ("Plaintiff"). Upon considering the Motion, all responses thereto, and the applicable law, the Court concludes that the Motion should be granted.

**I.      BACKGROUND**

This is an insurance dispute arising from damage to property that resulted from Hurricane Ike. Plaintiff Barbara Kitchen is suing Defendants Standard Guaranty Insurance Company ("Standard") and Stephen Roberts ("Defendants" collectively), alleging that both Defendants engaged in unfair settlement practices, fraud, and conspiracy to commit fraud with regard to Plaintiff's insurance claim, and that Defendant Standard improperly failed to pay Plaintiff's claim, either in a timely manner or at all. Plaintiff asserts that she is entitled to $175,421.30 in damages, excluding attorneys' fees.

Plaintiff now moves to have this case remanded, alleging that it lacks complete diversity because Roberts and Plaintiff are both Texas residents. Defendant argues that Roberts has been improperly joined in this action because Plaintiff has failed to establish

1

a valid cause of action against Roberts, and Roberts's residency should therefore not be considered for purposes of jurisdiction.

## II. LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2)(2005). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Courts must strictly construe removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Under the fraudulent joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant." *Salazar v. Allsate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish fraudulent joinder, the removing party must prove either that there has been actual fraud in the pleading of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). The defendant must demonstrate that there is no possibility of recovery by the plaintiff against the non-diverse defendant, that is, that there is no reasonable basis for the district court to predict that the plaintiff might be able

to recover against the non-diverse defendant. *Id.* at 573 (citations omitted). A court may resolve this issue in one of two ways: by conducting a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether the it states a claim under state law against the non-diverse defendant, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id.* Ordinarily, if a plaintiff can survive a 12(b)(6)-type challenge, there is no improper joinder. *Id.* Thus, in order to defeat Plaintiff's Motion for Remand, Defendants must show that this case was properly removed to this Court under 28 U.S.C. § 1441, that is, that Roberts, a purportedly non-diverse defendant, was improperly sued by Plaintiff.

### III. ANALYSIS

The parties in this case do not appear to dispute that the jurisdictional minimum has been met, or that both Plaintiff and Roberts are Texas residents. Defendants argue that Roberts was improperly joined in this case because Plaintiff's pleadings fail to sufficiently allege a specific factual basis for recovery against Roberts.

Plaintiff's Petition alleges that Defendants committed violations of, among other things, the Texas Insurance Code, common law duties of good faith and fair dealing, common law fraud, and contractual obligations. Defendants do not appear to dispute the validity of these causes of action, and explicitly acknowledge the validity of claims against insurance adjusters for violations of the Texas Insurance Code. (Doc. No. 8, at 17.) *See, e.g.*, *Liberty Mutual Ins. Co. v. Garrison Contractor's Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998). Nonetheless, Defendants argue that Plaintiff's allegations against Roberts are deficient because her Petition contains only conclusory recitations of the law without naming specific actions taken by Roberts that allegedly violated the law.

3

According to Defendants, such a pleading is not sufficient to show a reasonable basis for the Court to predict that Plaintiff might be able to recover from Roberts, the only non-diverse Defendant.

Plaintiff's Petition clearly alleges that her property was damaged, that Roberts was tasked with adjusting her insurance claim, and that Roberts failed to fulfill this task in compliance with the law. The Petition lists specific ways in which Defendants violated the law, including, among other things, that Defendants misrepresented to Plaintiff pertinent facts related to the coverage at issue, failed to attempt to settle Plaintiff's claim in a fair manner, refused to fully compensate Plaintiff under the terms of the policy, and failed to promptly explain why Plaintiff's claim was denied. Although it is true that Plaintiff's pleadings do not parse out the actions of Roberts from those of Standard, it is neither unreasonable nor unusual that Plaintiff would be unaware, prior to conducting any discovery, of the specific actions taken by each of the Defendants with respect to adjustment of her claim.

Defendants' argument, in essence, appears to be that Plaintiff's pleadings are insufficiently detailed to meet federal pleading requirements; however, this argument is of limited relevance to the current inquiry whether there is a reasonable basis to predict that Plaintiff might recover against Roberts in state court. *See KIW, Inc. v. Zurich American Ins. Co.*, No. H-05-3240, 2005 WL 3434977, at *3, (S.D.Tex. Dec. 14, 2005) (applying Texas state law "fair notice" pleading standard to "liberally" construe pleadings in improper joinder inquiry); *Rodriguez v. Yenawine*, 556 S.W.2d 410, 415 (Tex.Civ.App.-Austin 1977, no writ) ("Texas courts have upheld the pleading when the

technical elements of a cause of action, without allegations of ultimate facts to be proved, were alleged in the petition.").

The Court therefore holds that Plaintiff's allegations do in fact state a claim under state law against the non-diverse defendant, Roberts, and, if proven true, do create the reasonable possibility that Plaintiff could prevail in these claims. The Court accordingly concludes that there has been no fraudulent joinder of Roberts, the non-diverse Defendant.

The Court notes that this result is consistent with recent Southern District of Texas opinions involving similar facts and circumstances. *See, e.g.*, *Campos v. American Bankers Ins. Co. of Florida, et al.*, No. H-10-0594, 2010 WL 2640139 (S.D. Tex. June 30, 2010); *Seabrook Marina, Inc. v. Scottsdale Ins. Co.*, --- F. Supp. 2d ---, 2010 WL 2383771 (S.D. Tex. June 9, 2010); *Cruz v. Standard Guar. Ins. Co.*, No. H-10-0352, 2010 WL 2269846 (S.D. Tex. June 4, 2010); *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744 (S.D. Tex. Apr. 30, 2010); *but see, e.g.*, *Jimenez v. Travelers Indemnity Co.*, No. H-09-1308, 2010 WL 1257802, at *4-6 (S.D. Tex. March 25, 2010) (denying remand because the instate adjuster named as the defendant was not the adjuster who had analyzed and denied the claim). The Court concludes that Plaintiff has a reasonable possibility of recovering against Roberts, the hired claims adjuster.[1]

Therefore, because Roberts is a properly joined Defendant in this matter, complete diversity does not exist and this Court lacks jurisdiction. Remand is therefore appropriate.

---

[1] Because Defendants have not shown any "discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," a summary judgment-type inquiry is not appropriate in this case. *See Smallwood*, 385 F.3d at 573-74.

## IV. CONCLUSION

Because Defendants have failed to establish that Roberts, a non-diverse Defendant, was improperly joined in this case, the Court lacks diversity jurisdiction. Plaintiff's Motion to Remand (Doc. No. 7) is **GRANTED**. This action is hereby **REMANDED** to the 11th District of Harris County, Texas.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of August, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE